Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.: (415) 421-2624
Fax: (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Evander Frank Kane,
Debtor and Defendant

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>　　　　Debtor. | Case No. 21-50028-SLJ<br>Chapter 7 |
| ZIONS BANCORPORATION, N.A., *dba* California Bank & Trust,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EVANDER FRANK KANE,<br><br>　　　　Defendant. | Adv. Proc. No. 21-5056<br><br>**ANSWER TO COMPLAINT** |

ANSWER TO COMPLAINT　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　1

Evander Frank Kane ("Kane"), the debtor in the above-captioned Chapter 7 bankruptcy case and the defendant in this adversary proceeding, hereby answers the complaint (the "Complaint") filed by plaintiff Zions Bancorporation, N.A., *dba* California Bank & Trust ("Zions") on December 9, 2021. ECF 1.

## CONSENT TO ENTRY OF FINAL ORDER OR JUDGMENT

Pursuant to B.L.R. 7012-1, Kane consents to the entry of a final order or judgment of the Bankruptcy Court in this proceeding.

## JURISDICTION AND VENUE

1. Kane admits the allegations contained in paragraph 1.
2. Kane admits the allegations contained in paragraph 2.
3. Kane admits the allegations contained in paragraph 3.
4. Kane admits the allegations contained in paragraph 4.
5. Kane admits the allegations contained in paragraph 5.
6. Kane admits the allegations contained in paragraph 6.

## PARTIES

7. Kane is without sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 7, and therefore they are deemed denied.
8. Kane admits that the allegations contained in paragraph 8 were true when Zions filed its Complaint. Kane notes that he no longer resides at the address listed on his bankruptcy petition, which property has been sold by the Chapter 7 trustee pursuant to Court order, ECF 227, 231; and that his contract with the San Jose Sharks was terminated after the Complaint was filed.

## GENERAL ALLEGATIONS

9. Kane denies the allegations contained in paragraph 9.

**Kane Admissions About the Debt Owed to Zions**

10. Kane admits the allegations contained in paragraph 10, except that Zions' allegation that it was a creditor "at all times prepetition that are material to this adversary

ANSWER TO COMPLAINT 2

complaint" is too vague and ambiguous to permit a response, and on that basis, it is denied. Kane admits that Zions was a creditor since about August 2018.

**Kane Hires Pachulski Stang**

11. Kane admits that he hired Pachulski Stang[1] in October 2019 to assist him with his financial challenges because he had sizeable debts to various lenders and other parties, a limited ability to repay those creditors over time, and an inability to pay all his debts as they became due. Kane denies the remainder of the allegations contained in paragraph 11.

**The Zions State Court Action**

12. Kane admits the allegations contained in paragraph 12 to the extent that they are consistent with the record in the Zions Action.

**Kane Forms Florida Limited Liability Company**

13. Kane admits the allegations contained in paragraph 13, except that Zions' allegation that "others" had sued and were actively litigating against Kane is too vague and ambiguous to permit a response, and on that basis, it is denied. A list of legal proceedings in which Kane was involved in the year prior to filing for bankruptcy appears in Kane's Statement of Financial Affairs, as amended. ECF 29 at 4–5.

14. Kane admits the allegations contained in paragraph 14.

**Kane Converts $600,000 in Non-Exempt Assets into a Homestead Exemption**

15. Kane admits that he obtained a $600,000 second mortgage from 1000568 B.C. Ltd. in August 2020. Kane denies the remainder of the allegations contained in paragraph 15.

16. Kane admits that he used the second mortgage proceeds to make a partial down payment on the San Jose Property. Kane denies the remainder of the allegations contained in paragraph 16.

17. Kane admits the allegations contained in paragraph 17.

18. Kane denies the allegations contained in paragraph 18. Zions' allegation that the Canadian Properties contained "significant" non-exempt equity is too vague and ambiguous to

---

[1] Unless otherwise defined, capitalized terms carry the same meaning set forth in the Complaint.

ANSWER TO COMPLAINT 3

permit a response, and on that basis, it is denied. Kane notes that, at the time he received the second mortgage proceeds, both Canadian Properties were subject to senior liens held by Scotia Bank. Moreover, what might have been available for attachment and/or execution or what could have been liquidated by a bankruptcy trustee is pure speculation, and is denied as such.

19. Kane admits the allegations contained in paragraph 19.

20. Kane denies the allegations contained in paragraph 20. Zions' allegation that "at all relevant times" the Canadian Properties constituted "substantially all of Kane's non-exempt, unencumbered interests in real property" is too vague and ambiguous to permit a response, and on that basis, it is denied. Kane notes that prior to obtaining the second mortgage, his interests in the Canadian Properties were subject to senior liens held by Scotia Bank, and that the estate received $692,371.45 from the sale of the San Jose Property. ECF 231.

21. Kane admits that a grant deed was recorded on August 21, 2020, transferring the San Jose Property from a third party to Lions Properties and that the grant deed was dated March 8, 2020. Kane denies the remainder of the allegations contained in paragraph 21.

22. Kane admits the allegations contained in paragraph 22.

23. Kane admits the allegations contained in paragraph 23.

24. Kane denies the allegations contained in paragraph 24. Kane notes that he resided in the San Jose Property beginning in approximately March 2020.

25. Kane admits that Lions Properties initially took title to the San Jose Property. Kane denies the remainder of the allegations contained in paragraph 25.

**Kane Fraudulently Converts $600,000 in Non-Exempt Assets to Exempt Assets**

26. Kane admits the allegations contained in paragraph 26.

27. Kane admits the allegations contained in paragraph 27, except that Kane denies Zions' characterization that he filed his bankruptcy petition "merely a few hours" after the transfer of the San Jose Property.

28. Kane denies the allegations contained in paragraph 28, except that Kane admits that the only asset owned by Lions Properties to date was the San Jose Property.

29. Kane admits the allegations contained in paragraph 29.

ANSWER TO COMPLAINT 4

30. Kane admits the allegations contained in paragraph 30.

**Kane's Gambling Losses, Lawsuits, and Insolvency**

31. Kane admits that the allegations contained in paragraph 31 reflect Kane's best estimate of his gambling losses as reported in his Statement of Financial Affairs.

32. Kane denies the allegations contained in paragraph 32 on the basis that they are too vague and ambiguous to permit a response. A list of legal proceedings in which Kane was involved in the year prior to filing for bankruptcy appears in Kane's Statement of Financial Affairs, as amended. ECF 29 at 4–5.

33. Kane admits the allegations contained in paragraph 33 to the extent that they are consistent with his bankruptcy schedules, as amended. Kane notes that his amended schedules show total assets of $10,229,096.65 and total liabilities of $28,191,340.00. ECF 18, 37. Kane denies the remainder of the allegations contained in paragraph 33.

34. Kane denies the allegations contained in paragraph 34.

## CLAIM FOR RELIEF

**Denial of Discharge Under 11 U.S.C. § 727(a)(2)**

35. Kane incorporates his responses to paragraphs 1 through 34.

36. Kane denies the allegations contained in paragraph 36.

37. Kane denies the allegations contained in paragraph 37.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred by the applicable statutes of limitation.

3. At all times relevant herein, Kane acted in good faith, without any intent to hinder, delay, or defraud Zions or any other creditor, and consistent with applicable law.

4. Neither Zions nor any other creditor were hindered, delayed, or defrauded by any alleged transfer, removal, destruction, mutilation, or concealment of property.

5. Kane presently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Kane reserves

the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## PRAYER FOR RELIEF

Wherefore, Kane prays for judgment as follows:

1. That judgment be entered in favor of Kane.
2. For costs of suit incurred herein.
3. For such other and further relief as the Court deems proper.

Dated January 19, 2022					FINESTONE HAYES LLP

					/s/ Ryan A. Witthans
					Ryan A. Witthans
					Attorneys for Evander Frank Kane

ANSWER TO COMPLAINT					6