Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
  gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff ZIONS BANCORPORATION, N.A., dba California Bank & Trust

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028-SLJ<br><br>Chapter 7<br><br>Adversary No. 21-05056 |
| ZIONS BANCORPORATION, N.A., dba California Bank & Trust,<br><br>Plaintiff,<br><br>v.<br><br>EVANDER FRANK KANE,<br><br>Defendant. | **SEPARATE STATEMENT OF PLAINTIFF ZIONS BANCORPORATION, N.A. ADDRESSING THE COURT'S PROPOSAL TO BIFURCATE AND JOIN SECTION 727 CLAIMS AND TO STAY SECTION 523 CLAIMS PENDING CONSOLIDATED TRIAL ON SECTION 727 CLAIMS**<br><br>**Status Conference:**<br><br>Date:    February 17, 2022<br>Time:    1:30 p.m.<br>Place:    Zoom Videoconference<br><br>Hon. Stephen L. Johnson |

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA; PARTIES IN INTEREST AND THEIR COUNSEL:**

Plaintiff Zions Bancorporation, N.A., dba California Bank & Trust ("Zions") submits this Separate Statement in response to the Court's *Order Continuing Status Conferences and Hearing on Proposed Adversary Proceeding Schedule* ("Continuance Order") (Adv. Dkt. 7) entered on December 14, 2021, in this section 727 adversary proceeding against Evander Frank Kane ("Kane").

Zions submits that this Separate Statement together with the Joint Discovery Plan (Adv. Dkt. 13) address all of the pertinent case management matters in this adversary proceeding such that an additional case management statement is unnecessary. If the Court disagrees, however, Zions stands ready to submit a separate case management statement.

## I. Introduction

The Court should keep Zions' section 727 claims separate from those of Parker and Centennial Bank because they arise from completely different facts and legal principles. Joining Zions with Parker and Centennial would very likely result in the sort of inefficiencies that the Court is trying to minimize in its proposal. In fact, given the anticipated time and pretrial discovery complexities of the Zions Action (which are absent from the Parker and Centennial Actions), the Court should sequence the Parker and Centennial trials ahead of the Zions trial, as it may become unnecessary should Parker or Centennial prevail. Likewise, the section 523 claims should remain stayed, and only pursued last (again, only if necessary). Finally, the Court should extend Zions' deadline to file a section 523 action during the stay of section 523 actions. Doing so will avoid potentially unnecessary litigation costs and promote efficiency.

## II. Facts and Relevant Procedural Posture

The Court, in its Continuance Order, requests that Zions file a separate statement addressing the Court's proposal set forth in its November 19, 2021, *Order on Scheduling Pending Adversary Proceedings* ("Scheduling Order"). The Scheduling Order was entered in each of the

then-pending adversary proceedings in this bankruptcy case, including *Parker v. Kane*, adversary number 21-5008 ("Parker Action"), *Lone Shark Holdings, LLC v. Kane*, adversary number 21-5010 ("Lone Shark Action"), *Professional Bank v. Kane*, adversary number 21-5013 ("Professional Bank Action"), *South River Capital v. Kane*, 21-5014 ("South River Action"), and *Centennial Bank v. Kane*, adversary number 21-5016 ("Centennial Action"). The Parker, Centennial, and instant action (the "Zions Action") are the only three actions which currently allege section 727 claims against Kane. The South River Action has settled, and the remaining actions, the Lone Shark and Professional Bank Actions, allege section 523 claims, but not section 727 claims.

## III. The Court's Proposal

The Court's proposal is to bifurcate and then join the pending section 727 claims in the Parker, Centennial, and potentially the instant Zions Action, and then scheduling the bifurcated and joined matter for discovery while staying the section 523 claims. The purpose of the Court's proposal is one of administrative efficiency. The Parker and Centennial section 727 claims overlap in terms of legal and factual questions, and if any of the section 727 claims prevail, the section 523 claims and actions would become moot.

## IV. Zions' Response to the Court's Proposal

Zions does not oppose the Court's bifurcating and joining the Parker and Centennial section 727 claims. But, for the reasons set forth below, the Court should not also join the Zions Action with the Parker and Centennial Actions. The Zions Action arises from entirely different facts and legal principles than those at issue in the Parker and Centennial Actions. Joining Zions with Parker and Centennial would, therefore, necessarily *cause* the same administrative and case management inefficiencies the Court is seeking to mitigate by its proposal.

### The Zions Action

The Zions Action arises from completely different facts than the only other pending section 727 actions—the Parker and Centennial Actions. The Zions Action arises from Kane's alleged scheme to hinder, delay, and defraud Zions (and other creditors) by converting non-exempt equity in his two Canadian real properties (the "Canadian Properties") into a partial down

Case: 21-05056    Doc# 15    Filed: 02/14/22    Entered: 02/14/22 17:01:43    Page 3 of 8
SEPARATE STATEMENT

payment on the real property located at 2301 Richland Avenue, in San Jose, CA 95125 ("San Jose Property") within the one-year window immediately preceding his voluntary chapter 7 bankruptcy filing.

As alleged in Zions' complaint (Adv. Dkt. 1), Kane—with the advice of counsel and professional insolvency advisors—formed a Florida shell entity named Lions Properties, LLC ("Lions Properties") for the purpose of taking title to the San Jose Property while Kane was insolvent and being sued by multiple creditors and incurring multi-million dollar gambling losses. Kane then transferred the San Jose Property to himself and his wife just prior to filing chapter 7.

As alleged, Kane's scheme was aided and abetted by his counsel at Pachulski Stang Ziehl & Jones LLP and perhaps others. Zions plans to obtain discovery, including communications between and among Kane and his prepetition financial advisors and attorneys, including those at the Pachulski firm and potentially Kane's wife. Zions also plans to potentially seek cross-border discovery from the Canadian entities involved in the prepetition hypothecation of the Canadian Properties. Zions expects that its pretrial discovery efforts may take longer than the Parker and Centennial Actions.

### The Parker and Centennial Actions

The Parker and Centennial Actions involve allegations arising from completely different transactions or occurrences than those of the Zions Action.

The gravamen of the Parker Action is that Kane offered Parker significant sums of money to terminate a pregnancy. *See* Parker Compl. ¶ 13, Adv. Dkt. 1, 21-05008. This allegation forms the basis of the section 523 claim against Kane. But, the Parker complaint also includes claims under section 727(a)(2) through (a)(7). These 727 claims arise from allegations that Kane (a) failed to disclose assets and earnings, (b) failed to disclose losses, including gambling losses, and (c) gave false oaths at his meeting of creditors. None of these section 727 claims overlap with Zions' 727 claims.

Similarly, the Centennial Action alleges section 523 claims arising from the Centennial loan, including promissory fraud, false promise, and actual fraud allegations related thereto. *See* Centennial Compl. ¶¶ 16–28 and 30–36, Adv. Dkt. 28, 21-05016. Centennial's section 727 claims

focus on Kane's alleged (a) false oaths, (b) failure to disclose assets (excluding the Canadian Properties) and transfers to his mother and other family members (excluding his wife), (c) undervaluing his earnings, (d) dissipation of his prepetition earnings, (e) certain cash transfers from bank accounts, and (f) unexplained unsecured debts. *See* Centennial Compl. ¶¶ 16–28, 38–45, 47–52, 54–61, and 63–68, Adv. Dkt. 28, 21-05016. Again, these section 727 claims do not overlap whatsoever—factually or legally—with Zions' section 727 claims.

Accordingly, there is essentially no legal or factual overlap between the Zions Action on the one hand and the Parker and Centennial Actions on the other hand. The Court should not, therefore, join the Zions Action with the Parker and Centennial Actions. Keeping the Zions section 727 claims separate from the combined Parker/Centennial Actions will promote administrative efficiency by avoiding a combined discovery and trial on two entirely separate tracks.

### Section 727 Trial Sequencing

Zions also requests that the Court prioritize the bifurcated and joined Parker and Centennial trial and sequence that trial to occur before the Zions trial. The Parker/Centennial Actions are relatively straightforward in terms of discovery and trial. But, the Zions Action will entail potentially complex and time-consuming discovery issues related to the application of the attorney-client privilege and spousal privilege doctrines, as well as potential cross-border discovery, in Canada. Sequencing the Parker/Centennial trial ahead of the Zions trial will optimize administrative efficiency by avoiding any delay to the Parker/Centennial trial and possibly avoiding the need for a trial in the Zions Action altogether (e.g., if either Parker or Centennial prevail in either of their respective section 727 claims). In the interim, Zions will continue to press forward with its pretrial discovery.

### Stay of Section 523 Actions and Extension of Zions' Nondischargeability Complaint Deadline

Zions also supports the Court's proposal to stay all section 523 claims, but it also submits that the Court should extend Zions' deadline under Federal Rule of Bankruptcy Procedure 4007(c) to file a nondischargeability complaint against Kane under section 523.

Zions' deadline to file a section 523 action is currently set at the earlier of (a) March 31, 2022, or (b) 30 days from (i) service of an order lifting the section 523 "hold" or (ii) notification from Kane's counsel that the hold has been lifted. *See* Bk. Dkt. 254 at ¶ 2. Extending Zions' section 523 complaint deadline comports with the purpose of the Court's proposal—to optimize administrative efficiency and avoid potentially unnecessary costs.

## V. Conclusion

Accordingly, Zions does not oppose combining the Parker and Centennial Actions for purposes of discovery and trial and staying all section 523 claims as proposed by the Court. But, Zions does oppose adding the Zions Action to the combined Parker/Centennial Action. Simply put, Zions' claims are completely unrelated—factually and legally—to the Parker and Centennial section 727 claims, and lumping the Zions Action together with the Parker/Centennial Actions would only cause the sort of inefficiency the Court is trying to avoid.

The Court should also sequence the trial of the Parker/Centennial Actions before the trial in the Zions Action. The Zions Action entails potentially time-consuming discovery issues, including attorney-client and spousal privilege issues, which are not present in the Parker/Centennial Actions. Finally, Zions requests that during the stay of the section 523 actions, the Court should extend Zions' deadline to file a section 523 complaint, which extension would further promote efficiency and avoid potentially unnecessary costs.

DATED: February 14, 2022

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
GERRICK M. WARRINGTON

By: /s/ Gerrick M. Warrington
GERRICK M. WARRINGTON
Attorneys for Plaintiff ZIONS BANCORPORATION, N.A., dba California Bank & Trust

Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
(323) 852-1000

# PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On February 14, 2022, I served true copy(ies) of the following:

- **SEPARATE STATEMENT OF PLAINTIFF ZIONS BANCORPORATION, N.A. ADDRESSING THE COURT'S PROPOSAL TO BIFURCATE AND JOIN SECTION 727 CLAIMS AND TO STAY SECTION 523 CLAIMS PENDING CONSOLIDATED TRIAL ON SECTION 727 CLAIMS**

to the party(ies) on the attached service list.

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order or on an agreement among the parties to accept service by E-Mail. The name(s) and e-mail addresses of the person(s) served are set forth in the service list. The document was transmitted by electronic transmission and without error.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 14, 2022, at Los Angeles, California.

                    /s/ Sandra Young-King
                    Sandra Young-King
                    sking@frandzel.com

**SERVICE LIST**

| | |
|---|---|
| Stephen Finestone<br>Ryan Witthans<br>Finestone Hayes LLP<br>456 Montgomery Street, Floor 20<br>San Francisco, CA 94104<br>Email: sfinestone@fhlawllp.com;<br>rwitthans@fhlawllp.com | Counsel to Defendant Evander Frank Kane |